Marc W. Garbar
**BRANDON J. BRODERICK LLC**
Attorneys for Plaintiff
800 Third Avenue, 28th Floor
New York, NY 10022
(212) 688-8111

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NICOLE MOLLING<br><br>       Plaintiff,<br>  v.<br><br>LIEBENRAU LLC d/b/a COCHECTON PUMP HOUSE, COCHECTON PUMP HOUSE, DAVID LIEBERMAN, AND JIN *UNKNOWN*, IN THEIR INDIVIDUAL AND CORPORATE CAPACITIES,<br><br>       Defendants, | Case No.:<br><br>**COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff, Nicole Molling ("Plaintiff Molling," or "Plaintiff") by and through her designated attorneys, Brandon J. Broderick, LLC, hereby files this Complaint against Defendants, Liebenrau LLC d/b/a Cochecton Pump House, Cochecton Pump House, David Lieberman and Jin *Unknown* (collectively, "Defendants") and state as follows:

### INTRODUCTION

1. Plaintiff alleges pursuant to the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201, et seq. ("FLSA") that she is entitled to recover from Defendant: (1) unpaid wages, including overtime, (2) unpaid wages, including overtime, due to time-shaving, (3) liquidated damages, and (4) attorney's fees and costs.

2. Plaintiff further allege that, pursuant to the New York Labor Law ("NYLL"), she is entitled to recover from Defendants: (1) unpaid wages, including overtime, (2) unpaid wages,

including overtime, due to time-shaving, (3) unpaid spread of hours premium, (4) statutory penalties, (5) liquidated damages, and (6) attorneys' fees and costs.

3. Plaintiff further alleges this is an action arising under the New York State Human Rights Law, N.Y. Exec. Law §290, *et seq*. ("NYSHRL"), as such, she is entitled to seek damages to redress the harms and losses she suffered because of unlawful workplace practices, perpetrated and ratified by Defendants on the basis of Plaintiff's religion and/or gender and/or pregnancy.

## JURISDICTION AND VENUE

4. This court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over the state law claims of Plaintiff's pursuant to 28 U.S.C. §1391.

5. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

6. Plaintiff Nicole Molling ("Plaintiff" or "Molling") is an individual residing in the State of New York and can be reached through her attorneys at 800 Third Avenue, 28th Floor, New York, New York 10022.

7. Defendant Liebenbrau LLC d/b/a Cochecton Pump House, ("Liebenbrau" or "Defendant Liebenbrau") is a corporation with substantial operations in the State of New York, Sullivan County, and does business at 7895 NY-97, Cochecton, New York 12726.

8. Upon information and belief, Defendant, Dave Lieberman ("Lieberman" or "Defendant Lieberman") is an individual residing in the State of New York. He is sued in his individual capacity and official capacity as the owner of Cochecton Pump House.

9. Upon information and belief, Defendant, Jin *Unknown* ("Jin" or "Defendant Jin"), is an individual residing in the State of New York. She is sued in her individual and official capacity as the owner of Cochecton Pump House.

## MATERIAL FACTS

10. On or about June 29, 2021, Plaintiff commenced her employment with Defendants Liebenbrau LLC d/b/a Cochecton Pump House and/or Defendant Cochecton Pump House (hereinafter "Cochecton Defendants"), as a bartender and kitchen staff member.

11. Since such commencement and throughout the course of her employment, Plaintiff performed up to and beyond the reasonable expectations of her employer.

12. As a result of such exceptional performance, on or about July 26, 2021, Plaintiff was promoted to Operations and Event Manager.

13. Unfortunately, from the outset of her employment with Cochecton Pump House, Cochecton Defendants failed to promptly compensate Plaintiff for time she worked in excess of 40 hours per week.

14. At the end of each week, rather than receiving overtime pay as required by FLSA, Plaintiff received only her regular rate of pay for forty (40) hours per week.

15. Plaintiff routinely worked over forty (40) hours per week.

16. During the course of her employment, Plaintiff was not paid for any hours worked in excess of forty (40) hours.

17. On several occasions, Plaintiff objected to the FLSA violations by complaining to Defendant Jin that she worked in excess of forty (40) hours per week and was not paid overtime.

18. Defendant Jin ignored Plaintiff's inquiries regarding proper compensation for her overtime hours, she was ignored.

19. Since the commencement of Plaintiff's employment with Cochecton Defendants, and with her employer's knowledge of same, Plaintiff worked a half day on Sundays to enable to her to attend Church in the morning.

20. On or about September 25, 2021, Plaintiff was notified that Cochecton Pump House was hosting an event which conflicted with her religious beliefs.

21. The event was scheduled to take place on a Sunday. Despite Defendants knowledge that Plaintiff did not work Sunday mornings due to her religious observance, Defendants Lieberman and Jin told Plaintiff she was required to work the entire Sunday to staff the event.

22. Plaintiff immediately advised Lieberman and Jin she would make sure everything was set for the day, but she would not be able to work the event due to her religious obligations and because the event directly conflicted with her religious beliefs.

23. On or about September 26, 2021, the Cochecton Defendants, through Defendant Lieberman, informed Plaintiff she was terminated.

24. Plaintiff inquired as to the reason for her termination and was advised her termination was the result of her objecting to working the Sunday event due to her religious views.

25. Prior to her termination, Plaintiff also advised Defendant Jin that she was pregnant.

26. Although Plaintiff was in the very early stages of her pregnancy, Defendant Jin expressed concerns about Plaintiff's maternity leave and who would handle her workload while she was out.

27. A determinative and/or motivating factor in Plaintiff's termination was her gender and/or status as a pregnant woman.

28. A determinative and/or motivating factor in Plaintiff's termination was her complaints regarding Defendants' failure to pay overtime.

29. A determinative and/or motivating factor in Plaintiff's termination was because of her membership in a protected group as set forth above.

30. Upon information and belief, the decision to terminate Plaintiff was made by the Cochecton Defendants, Defendant Lieberman, and Defendant Jin who acted in concert to effectuate Plaintiff's termination.

31. The individually named Defendants exercised discretion, control and influence over the collective decision by Defendants, including the Cochecton Defendants, to terminate Plaintiff.

32. As a result of the Defendants' actions, Plaintiff has been forced to experience emotional harm and economic loss.

33. Defendants' actions mandate the imposition of liquidated damages.

34. In the light of the forgoing and circumstances surrounding Plaintiff's employment, it is clear that she suffered, and continues to suffer, from Defendants' unlawful and discriminatory termination.

## FIRST CAUSE OF ACTION

**Failure to Provide Compensation for Overtime Hours Worked
Pursuant to Fair Labor Standards Act, 29 U.S.C. 207**

35. Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs as if fully set forth herein.

36. Plaintiff regularly worked more than forty hours in a work week during the course of her employment with Defendants.

37. Defendants failed to pay Plaintiff overtime compensation at one- and one-half times the regular hourly rate for hours worked in excess of forty hours in a work week.

38. Defendants have violated 29 U.S.C. 207 by the above acts.

Wherefore, Plaintiff respectfully requests that this Court enter a Judgment:

a) Declaring that the acts and practices complained of herein are in violation of the FLSA;

b) Declaring that the acts and practices complained of herein are willful violations within the meaning of 29 U.S.C. Sec. 255(a);

c) Enjoining and restraining permanently the violations alleged herein, pursuant to 29 U.S.C. Sec 217;

d) Directing Defendant to make Plaintiff whole for all unpaid overtime wages due as a consequence of Defendants' violation of the FLSA, together with interest thereon from the date(s) such wages were due but unpaid;

e) Awarding Plaintiff the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. Sec. 216(b); and

f) Granting such other and further relief as this Court deems necessary and proper.

## SECOND CAUSE OF ACTION

**Failure to Provide Compensation for Overtime Hours Worked
Pursuant to New York Labor Law, N.Y. Lab. Law §§662-633, *et seq*.
Against all Defendants**

39. Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs as if fully set forth herein.

40. At all relevant times, Plaintiff was employed by Defendants within the meaning of the NYLL §§ 2 and 651.

41. Defendants willfully violated Plaintiff's rights by failing to pay her wages in the lawful amount for all hours worked, including overtime.

42. Defendants willfully violated the rights of Plaintiff by failing to pay her overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a work week.

43. Defendants willfully violated the rights of Plaintiff by failing to pay spread of hours premium for each workday that exceeded ten (10) hours in length, in violation of the NYLL.

44. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants her unpaid wages, including overtime, unpaid spread of hours premium, reasonable attorneys' fees, damages for unreasonably delayed payments, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to NYLL.

## THIRD CAUSE OF ACTION

**Retaliation and Unlawful Termination in Violation of the New York Labor Law, N.Y. Lab. Law § 740,** *et seq.*
**Against all Defendants**

45. Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs as if fully set forth herein.

46. Section 740 of the New York Labor Law, specifically prohibits retaliatory personnel activity by employers against employees who disclose, object to, or refuse to participate in an unlawful activity, policy or practice of the employer that endangers the public health or safety.

47. Defendants terminated Plaintiff in direct response to her recurrent complaints about Defendants' unlawful violation of the FLSA, NYLL, and NYSHRL.

48. Defendants intentionally and willfully retaliated against Plaintiff by terminating her employment because she complained about Defendants' failure to comply with the FLSA, NYLL, and NYSHRL.

49. Defendants' conduct was outrageous and malicious, was intended to injure, and was done with reckless indifference to Plaintiff's statutorily-protected civil rights.

50. As a direct and proximate result of Defendants' wrongful actions, Plaintiff suffered and continues to suffer economic damage, severe mental anguish and emotional distress, including,

but not limited to, stress, anxiety, depression, embarrassment, loss of self-esteem, loss of appetite, loss of sleep, emotional pain and suffering, and other stress related ailments.

WHEREFORE, Plaintiff demands judgment against all Defendants on this count for:

    i.    Compensatory damages;

    ii.    Non-compensatory damages;

    iii.    Emotional distress damages;

    iv.    Punitive damages;

    v.    Attorneys' fees;

    vi.    Costs;

    vii.    Interest; and

    viii.    Such other and further relief as the Court deems fair and equitable.

## FOURTH CAUSE OF ACTION

### Discrimination Based Upon Religion
### In Violation of New York State Human Rights Law, N.Y. Exec. Law § 290, *et seq.*
### Against all Defendants

51. Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs as if fully set forth herein.

52. Defendants discriminated against Plaintiff in the terms and conditions of her employment based upon her religion beliefs and there existed a causal link between such protected status and the adverse, disparate employment decisions to which she was subjected.

53. As a direct and proximate result of Defendants' actions, Plaintiff suffered and continues to suffer considerable damages.

WHEREFORE, Plaintiff demands judgment against all Defendants on this count for:

    i.    Compensatory damages;

    ii.    Non-compensatory damages;

    iii.    Emotional distress damages;

    iv.    Punitive damages;

    v.    Attorneys' fees;

    vi.    Costs;

    vii.    Interest; and

    viii.    Such other and further relief as the Court deems fair and equitable.

## FIFTH CAUSE OF ACTION

### Discrimination Based Upon Gender
### In Violation of New York State Human Rights Law, N.Y. Exec. Law § 290, *et seq*.
### Against all Defendants

54. Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs as if fully set forth herein.

55. By the actions described above, Defendants discriminated against Plaintiff on the basis of her gender by wrongfully terminating her on the basis of her pregnancy.

56. As a direct and proximate result of Defendants' actions, Plaintiff suffered and continues to suffer considerable damages.

WHEREFORE, Plaintiff demands judgment against all Defendants on this count for:

    i.    Compensatory damages;

    ii.    Non-compensatory damages;

    iii.    Emotional distress damages;

    iv.    Punitive damages;

    v.    Attorneys' fees;

    vi.    Costs;

    vii.    Interest; and

    viii.    Such other and further relief as the Court deems fair and equitable.

## SIXTH CAUSE OF ACTION

**Aiding and Abetting Discrimination on the Basis of Religion and Gender
Pursuant to New York State Human Rights Law, N.Y. Exec. Law. § 290,** *et seq.*
**Against Defendants Lieberman and Jin**

57. Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs as if fully set forth herein.

58. By the actions described above, Defendants Lieberman and Jin aided and abetted the religious and gender discrimination perpetrated against Plaintiff by condoning, encouraging and allowing such conduct to occur on account on Plaintiff's protected classifications.

59. As a direct and proximate result of Defendants' actions, Plaintiff suffered and continues to suffer considerable damages.

WHEREFORE, Plaintiff demands judgment against all individually named Defendants on this count for:

    i.    Compensatory damages;

    ii.    Non-compensatory damages;

    iii.    Emotional distress damages;

    iv.    Punitive damages;

    v.    Attorneys' fees;

    vi.    Costs;

    vii.    Interest; and

    viii.    Such other and further relief as the Court deems fair and equitable.

**SEVENTH CAUSE OF ACTION**
**Retaliation and Unlawful Termination in Violation of the**
**New York State Human Rights Law, N.Y. Exec. Law §290, et sq.**
**Against all Defendants**

60. Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs as if fully set forth herein.

61. Individually named Defendants including, but not limited to, Defendants Lieberman and Jin, while acting on behalf of and in the interest of Defendant were sufficiently involved in the unlawful retaliation set forth above.

62. Individually named Defendants including, but not limited to, Defendants Lieberman and Jin, knowingly and substantially participated in the unlawful retaliatory acts which caused Plaintiff injury.

63. Defendants' conduct was willful, malicious and/or especially egregious and done with the knowledge and/or participation of upper-level management of Defendant Cochecton Pump House.

64. As a direct and proximate result of Defendants' wrongful actions, Plaintiff suffered and continues to suffer economic damage, severe mental anguish and emotional distress, including, but not limited to, stress, anxiety, depression, embarrassment, loss of self-esteem, loss of appetite, loss of sleep, emotional pain and suffering, and other stress related ailments.

WHEREFORE, Plaintiff demands judgment against all individually named Defendants on this count for:

　　i. Compensatory damages;

　　ii. Non-compensatory damages;

　　iii. Emotional distress damages;

　　iv. Punitive damages;

    v.      Attorneys' fees;

    vi.     Costs;

    vii.    Interest; and

    viii.   Such other and further relief as the Court deems fair and equitable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

A.    A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate the laws of the State of New York;

B.    An injunction and order permanently restraining Defendants and their partners, officers, owners, agents, successors, employees and representatives, and any and all persons acting in concert with them, from engaging in any such further unlawful conduct, including the policies and/or practices complained of herein;

C.    An award of damages against Defendants for an amount to be proven at trial, plus interest, to compensate for all monetary and/or economic damages, including, but not limited to, loss of past and future income, wages, compensation and other benefits of employment;

D.    An award of damages against Defendants for an amount to be proven at trial, plus interest, to compensate for all non-monetary and compensatory damages, including but not limited to, compensation for Plaintiff's mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, and emotional distress;

E.    An award of damages against Defendants for an amount to be proven at trial, plus interest, for any and all other monetary and non-monetary losses suffered by Plaintiff, including, but not limited to, reputational harm and harm to professional reputation;

  F. An award of punitive damages against Defendants for an amount to be determined by a jury;

  G. Prejudgment and post-judgment interest on all amounts due;

  H. An award of costs that Plaintiff incurred in this action, including, but not limited to, Plaintiff's reasonable attorneys' fees and costs to the fullest extent permitted by law; and

  I. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: September 26, 2022
   New York, NY

          Respectfully submitted,

         BRANDON J. BRODERICK, LLC
         *Attorneys for Plaintiff*

     By: s// <u>Marc W. Garbar</u>
       Marc W. Garbar, Esq.
       800 Third Avenue, 28th Floor
       New York, New York 10022
       (212) 688-8111
       mgarbar@201employmentlaw.com